UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LIBERTO REYES MEDINA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-1777** |
| **WILLIAM JOYCE, et al.** | **SECTION: G** |

## ORDER AND REASONS

Before the Court is Petitioner Liberto Reyes Medina's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] Also pending before the Court are a Motion for Appointment of Counsel[2] and a Motion Seeking Declaratory and Injunctive Relief.[3] Petitioner is an immigration detainee at the Catahoula Correctional Center in Harrisonburg, Louisiana.[4] Petitioner filed the petition for writ of habeas corpus naming the former Acting Field Director of the United States Immigration and Customs Enforcement ("ICE") New Orleans Field Office, William Joyce,[5] and the United States Attorney General, William Barr, as respondents (collectively, "Respondents").[6] Petitioner claims that he risks contracting COVID-19 due to the alleged actions of ICE.[7] Considering the petition, the pending motions, the memorandum in opposition, the record, and the applicable law,

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 8.

[3] Rec. Doc. 9.

[4] Rec. Doc. 1 at 1.

[5] William Joyce was the former Acting Field Office Director for New Orleans Field Office but no longer serves in that capacity. Director Diane Witte is the current Director for the New Orleans Field Office. *See* Rec. Doc. 6.

[6] Rec. Doc. 1 at 1.

[7] *Id*. at 6–8.

1

the Court denies the pending motions and dismisses the petition.

## I. Background

On June 18, 2020, Petitioner filed the petition for writ of habeas corpus against Respondents, claiming that he risks contracting COVID-19 due to the alleged actions of ICE.[8] The same day, Petitioner filed a motion to proceed *in forma pauperis*.[9] On June 24, 2020, the Court denied the motion because the record showed that Petitioner had sufficient funds to pay the filing fee.[10] On July 17, 2020, the filing fee was paid, and the case was reopened. Accordingly, on July 20, 2020, the Court ordered Respondents to file a response to the petition.[11]

On July 31, 2020, Respondents filed a response to the petition.[12] On August 17, 2020, Petitioner filed the pending Motion for Appointment of Counsel.[13] On August 18, 2020, Petitioner filed the pending Motion Seeking Declaratory and Injunctive Relief.[14]

## II. Parties' Arguments

### A. *Petitioner's Arguments in Support of the Writ Application*

In the instant application for a writ of habeas corpus, Petitioner asserts that he is in imminent risk of contracting COVID-19 as a result of ICE's failure to follow the Centers for Disease Control

---

[8] Rec. Doc. 1 at 1, 6–8.

[9] Rec. Doc. 2.

[10] Rec. Doc. 3.

[11] Rec. Doc. 4.

[12] Rec. Doc. 6.

[13] Rec. Doc. 8.

[14] Rec. Doc. 9.

("CDC") Guidance on Management of COVID-19 in Correctional and Detention Facilities.[15] Specifically, Petitioner asserts that ICE is preventing him from complying with shelter in place protocols.[16] Petitioner contends that these conditions violate his Fifth Amendment rights because the government has, with deliberate indifference, failed to safeguard health and safety of those in custody.[17] Petitioner requests that the Court enjoin Respondents from transferring him "and the class he represent[s] from Catahoula Correctional Center until the Court has decided this action."[18] Petitioner also requests that both he and the "class" be immediately released, and that he be awarded costs and attorney fees.[19]

**B.     *Respondents' Opposition to the Writ Application***

Respondents raise two issues in opposition to the petition.[20] First, Respondents argue that the Court lacks subject matter jurisdiction over Petitioner's claims involving the conditions of his confinement.[21] Second, and in the alternative, Respondents assert that the Court is not the proper venue to consider any claim challenging the fact or duration of Petitioner's custody.[22]

First, Respondents argue that the Court lacks subject matter jurisdiction over Petitioner's

---

[15] Rec. Doc. 1 at 2.

[16] *Id.* at 6.

[17] *Id.* at 7.

[18] *Id.*

[19] *Id.*

[20] Rec. Doc. 6.

[21] *Id*. at 2–6.

[22] *Id*. at 6–8.

claims involving the conditions of his confinement.[23] Respondents assert that a prisoner may file a civil rights action under 42 U.S.C. § 1983 action to challenge the conditions of confinement, whereas a challenge to the fact of confinement is properly presented in a habeas petition.[24] Respondents contend that Petitioner is not challenging the cause, legality, duration, or fact of his detention.[25] Instead, Respondents assert that Petitioner generally challenges the conditions of his detention and, in a conclusory manner, alleges that ICE's actions are exposing him and others to COVID-19.[26] Respondents contend that a favorable determination for Petitioner on his conditions-of-confinement claim would not automatically entitle him to accelerated release.[27] Thus, Respondents aver that the proper vehicle for Petitioner to address his claims is in a civil rights suit as opposed to a habeas petition.[28] Accordingly, Respondents argue that the instant habeas petition should be dismissed for lack of jurisdiction.[29]

Second, and in the alternative, Respondents assert that the Court is not the proper venue to consider any claim challenging the fact or duration of Petitioner's custody.[30] Respondents contend that a district court has jurisdiction to entertain an alien's habeas petition under Section 2241 if that

---

[23] *Id.* at 2–6.

[24] *Id.* at 3.

[25] *Id.* at 4.

[26] *Id.*

[27] *Id.* at 5.

[28] *Id.*

[29] *Id.* at 5–6.

[30] *Id.* at 6–9.

4

alien is detained within that court's district.[31] Because Petitioner is in custody at the Catahoula Correctional Center in the Western District of Louisiana, Respondents aver that the Western District of Louisiana is the district of proper venue for any legitimate Section 2241 petition.[32] Accordingly, Respondents argue that the Court should dismiss the petition without prejudice.[33]

C.   *Petitioner's Arguments in Further Support of the Writ Application and Pending Motions*

In the Motion for Appointment of Counsel, Petitioner requests that an attorney be appointed to represent him in these proceedings.[34]

In the Motion for Declaratory and Injunctive Relief, Petitioner seeks an order enjoining Respondents from transferring Petitioner "and the class he represents" from Catahoula Correctional Center until the Court has decided this action.[35] Petitioner also requests "injunctive relief ordering Respondents to immediately release Petitioner and all similarly situated detainees in Catahoula Correctional Center with appropriate precautionary public health measures, on the grounds that continued detention violates the Constitutional Due Process rights of Petitioner and the class he represents."[36] Petitioner also moves the Court to issue a declaration that Respondents' continued detention of Petitioner creates an undue increased risk of severe illness or death and prohibiting respondents from placing new detainees at Catahoula Correctional Center until COVID-19 no longer

---

[31] *Id*. at 6 (citing *Dada v. Witte*, No. CV 20-1093, 2020 WL 1674129, at *3 (E.D. La. Apr. 6, 2020) (Guidry, J.)).

[32] *Id*. at 7.

[33] *Id*.

[34] Rec. Doc. 8.

[35] Rec. Doc. 9 at 73.

[36] *Id*.

poses a threat to Louisiana.[37] Finally, Petitioner requests that he be awarded costs and attorney fees.[38]

Petitioner also replies to several arguments made in Respondents' opposition brief.[39] Petitioner asserts that this Court has jurisdiction to consider his claims under 28 U.S.C. § 2241.[40] Petitioner contends that his current detention constitutes a "severe restraint on Petitioner's individual liberty" such that he is "in custody in violation of the laws of the United States."[41] Petitioner contends that William Joyce is the immediate custodian of Petitioner and he is detained under his direction.[42] Because the field office is located within the Eastern District of Louisiana, Petitioner contends that the habeas petition is properly before this Court.[43]

### III. Law and Analysis

In the instant application for a writ of habeas corpus, Petitioner asserts that he is in imminent risk of contracting COVID-19 as a result of ICE's failure to follow the CDC Guidance on Management of COVID-19 in Correctional and Detention Facilities.[44] Specifically, Petitioner asserts that ICE is preventing him from complying with shelter in place protocols.[45] Petitioner contends that these conditions violate his Fifth Amendment rights because the government has, with deliberate

---

[37] *Id*. at 74.

[38] *Id*.

[39] *Id*. at 14.

[40] *Id*.

[41] *Id*. at 15.

[42] *Id*. at 17.

[43] *Id.*

[44] Rec. Doc. 1 at 2.

[45] *Id.* at 6.

indifference, failed to safeguard health and safety of those in custody.[46]

Respondents raise two issues in opposition to the petition.[47] First, Respondents argue that the Court lacks subject matter jurisdiction over Petitioner's claims involving the conditions of his confinement.[48] Second, and in the alternative, Respondents assert that the Court is not the proper venue to consider any claim challenging the fact or duration of Petitioner's custody.[49] The Court addresses each of these issues in turn.

Pursuant to 28 U.S.C. § 2241, a petitioner may seek habeas relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has recognized that a non-citizen may raise "statutory and constitutional challenges to post-removal-period detention" in a habeas corpus proceeding under Section 2241.[50]

 "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus . . . and a complaint under the Civil Rights Act. . . ."[51] "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."[52] "Simply stated, habeas is not available to review questions unrelated to the cause of detention. Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for

---

[46] *Id.* at 7.

[47] Rec. Doc. 6.

[48] *Id*. at 2–6.

[49] *Id*. at 6–8.

[50] *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

[51] *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

[52] *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

any other purpose."[53]

The Fifth Circuit has described the line between these two types of claims as "a blurry one."[54] Nevertheless, when the petitioner "challenges an unconstitutional condition of confinement or prison procedure that affects the timing of his release from custody," the Fifth Circuit has adopted a "bright-line rule."[55] "If a favorable determination . . . would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit."[56] The Fifth Circuit has recognized that a claim regarding conditions of confinement does not warrant accelerated release.[57] "A demand for release does not convert a conditions-of-confinement claim into a proper habeas request."[58] Instead, the appropriate relief from unconstitutional conditions of confinement would be to enjoin the unlawful practices that make the conditions intolerable.[59]

Nevertheless, this Court is cognizant that COVID-19 presents unique emergency circumstances that differ from traditional "conditions of confinement" claims. The World Health Organization has declared that COVID-19 qualifies as a global pandemic, with more than 5,000,000

---

[53] *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

[54] *Poree v. Collins*, 866 F.3d 235, 243 (5th Cir. 2017).

[55] *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

[56] *Id.* (internal citations omitted).

[57] *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009).

[58] *Cureno Hernandez v. Mora*, No. 1:20-CV-00104-H, 2020 WL 3246753, at *4 (N.D. Tex. June 15, 2020) (citing *Springer v. Underwood*, No. 3:19-CV-1433, 2019 WL 3307220, at *2 (N.D. Tex., Jun. 28, 2019) rec. accepted, 2019 WL 3306130 (N.D. Tex., Jul. 22, 2019); *Rios v. Commandant, U.S. Disciplinary Barracks*, 100 F. App'x 706, 708 (10th Cir. 2004) ("In our view, a prisoner may not transform a civil rights action involving the conditions of his confinement into a § 2241 petition merely by seeking sentencing relief in a manner not connected to his substantive claims.")).

[59] *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979).

confirmed cases in the United States (as of this order). The President of the United States has declared a public health emergency throughout the country in response to the spread of COVID-19. The CDC and other public health authorities have recommended social distancing as a means of limiting further community spread of COVID-19. In this case, Petitioner argues that the only remedy for his alleged injury is release from custody.[60] Recently, several district courts confronted with this issue have found that a Section 2241 petition is the appropriate procedure in this instance, finding no conditions of confinement sufficient to prevent irreparable constitutional injury under the facts of those cases.[61] However, the Court need not resolve this issue because even if Petitioner's claims are properly brought under Section 2241, the Eastern District of Louisiana is not the proper venue for resolution of these claims.

The Supreme Court has recognized that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."[62] Considering this precedent, the Fifth Circuit has recognized that "[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the prisoner is confined."[63]

---

[60] Rec. Doc. 9 at 47–51, 65.

[61] *See Gayle v. Meade*, No. 20-21553, 2020 WL 3041326, at *16 n.37 (S.D. Fla. June 6, 2020) (collecting cases); *Malam v. Adducci*, No. 20-10829, 2020 WL 1672662, at *4 (E.D. Mich. Apr. 4, 2020), as amended (Apr. 6, 2020) ("On its face, the application appears to concern petitioner's conditions of confinement . . . But Petitioner may nonetheless bring her claim under 28 U.S.C. § 2241 because she seeks immediate release from confinement as a result of there being no conditions of confinement sufficient to prevent irreparable constitutional injury under the facts of her case."); *Castillo v. Barr*, ⸺ F. Supp. 3d ⸺, 2020 WL 1502864, at *5-6 (C.D. Cal. Mar. 27, 2020) (concluding that conditions of confinement violated the Fifth Amendment due to the COVID-19 pandemic and ordering release from immigration detention); *Basank v. Decker*, No. 20-2518, ⸺ F.Supp.3d ⸺, 2020 WL 1481503 (S.D.N.Y. Mar. 26, 2020) (granting a temporary restraining order under § 2241 requiring the release of one detainee from immigration custody)).

[62] *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)

[63] *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (citing *Padilla*, 542 U.S. at 442–43; *Lee*

Neither the Supreme Court nor the Fifth Circuit have addressed the specific question presented here—whether the Attorney General and ICE Filed Office Directors are proper respondents to a habeas petition filed by an alien detained pending deportation. However, the majority of appellate courts have applied the "immediate custodian rule" holding that the Attorney General is not a proper respondent.[64] Additionally, when confronted with the issue presented here, district courts have found that the proper respondent is the warden in the facility where the detainee is confined and the appropriate district for filing of the petition is the district of confinement.[65]

Petitioner is currently detained at the Catahoula Correctional Center in Catahoula Parish, Louisiana. Petitioner has not named the warden of Catahoula Correctional Center in this matter. Additionally, Catahoula Correctional Center is within the geographical confines of the Western District of Louisiana. Because Petitioner does not contest a conviction in this court and he is not incarcerated within the geographical confines of this district, the Eastern District of Louisiana is not the proper venue for the adjudication of the habeas claims raised by Petitioner. Accordingly, the Court dismisses this matter without prejudice.

---

*v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001)).

[64] *Padilla*, 542 U.S. at 435 n.8 (collecting cases).

[65] *Dada v. Witte*, No. 20-1093, 2020 WL 1674129, at *3 (E.D. La. Apr. 6, 2020) (Guidry, J.). *See also Singh v. Dept. of Homeland Security*, No. 20-846, 2020 U.S. Dist. LEXIS 100493, at *1 (E.D. La. May 13, 2020) (Van Meerveld, M.J.), report and recommendation adopted, 2020 U.S. Dist. LEXIS 99667, at *1 (E.D. La. June 8, 2020) (Vitter, J.); *Santos v. U.S. I.N.S.*, No. 98-2247, 1998 WL 774175, at *1 (E.D. La. Oct. 30, 1998) (Duval, J.).

### IV. Conclusion

Based on the foregoing, the Court concludes that the petition must be dismissed without prejudice because it was not filed in the proper court. For this reason, the Court does not reach the merits of the Motion for Declaratory and Injunctive Relief.[66] Additionally, the Court finds that Petitioner has not demonstrated that he is entitled to appointed counsel.[67]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Declaratory and Injunctive Relief[68] and the Motion for Appointment of Counsel[69] are **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this 26th day of August, 2020.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[66] Rec. Doc. 9.

[67] Rec. Doc. 8. For this same reason, the Court does not reach Petitioner's class allegations.

[68] Rec. Doc. 9.

[69] Rec. Doc. 8.